UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAREPLUS HEALTH PLANS, INC.,

    Plaintiff,

vs.                                    Case No. 8:05-CV-2010-T-27MAP

FELICITA CRESPO,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion to Dismiss and/or Transfer for Improper Venue (Dkt. 9) and Plaintiff's Response (Dkt. 10). Upon consideration, Defendant's Motion to Dismiss and/or Transfer is DENIED.

Plaintiff, Careplus Health Plans, Inc., is a Florida Health Maintenance Organization ("HMO") and Medicare plan participant. (Dkt. 1, Compl., ¶¶ 3-4). Plaintiff's principal claims office is located in Tampa, where all claims are submitted and processed. (Dkt. 1, ¶¶ 3, 7). Defendant, Felicita Crespo, is a resident of Miami and a member of Plaintiff's Medicare plan. (Dkt. 1, ¶ 11).

Plaintiff initiated this action against Defendant in this Court, seeking reimbursement of Medicare benefits pursuant to 42 C.F.R. § 417.528.[1] (Dkt. 1, ¶ 1). In its Complaint, Plaintiff alleges that it is entitled to reimbursement of the benefits it paid to Defendant's medical providers for

---

[1] 42 C.F.R. § 417.528(b)(2) provides:

> If a Medicare enrollee receives from an HMO ... covered services that are also covered under State or Federal worker's compensation, automobile medical, or any no-fault insurance, or any liability insurance policy or plan ..., the HMO ... may charge ... the Medicare enrollee, to the extent that he or she has been paid by the carrier, employer, or other entity.

1

treatment Defendant received following a slip and fall at a bank in Miami. (Dkt. 1, ¶¶ 15, 17, 22-28). Plaintiff further alleges that it is entitled to reimbursement based on a settlement Defendant reached with the bank as a result of a personal injury action she filed in Miami. (Dkt. 1, ¶¶ 19, 20, 22-28).

## *Discussion*

Defendant seeks dismissal and/or transfer of this action to the United States District Court, Southern District of Florida, based on improper venue pursuant to 28 U.S.C. § 1391(b). (Dkt. 9, pp. 2-3). Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in:
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.[2]

Plaintiff chose not to file this action in the Southern District, where Defendant resides and where a substantial part of the property that is the subject of the action (i.e., the settlement proceeds) is located. Accordingly, for venue to be proper in the Middle District, a substantial part of the events giving rise to Plaintiff's claim must have occurred here.[3]

---

[2] Section 1391(a) applies to cases founded on diversity of citizenship. Section 1391(b) applies to cases not founded solely on diversity of citizenship. As this action is based on federal question jurisdiction, § 1391(b) applies. The provisions of § 1391(a)(2) and (b)(2) are the same and require the same legal analysis. *See Morgan v. North Miss. Med. Ctr., Inc.*, 403 F. Supp. 2d 1115, 1122-23 (S.D. Ala. 2005) (citing *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371-72 (11th Cir. 2003)).

[3] If venue is proper pursuant to § 1391(b)(1) or (b)(2), § 1391(b)(3) need not be addressed.

Defendant argues that venue is improper in Middle District because all of her activities related to Plaintiff's claim occurred in Miami. In support, Defendant argues that: 1) she lived in Miami; 2) Plaintiff's Medicare plan was offered to her in Miami; 3) she executed the Medicare contract in Miami; 4) she was injured in Miami; 5) she sought medical treatment in Miami; and 6) she filed and settled her personal injury lawsuit in Miami. Defendant also argues that the funds at issue in this case are located in Miami. Further, Defendant argues that she has not done any act relative to this case in the Middle District.[4]

In response, Plaintiff argues that venue is proper in the Middle District because a substantial part of the events giving rise to its claim occurred in Tampa. In support, Plaintiff argues that: 1) it maintains its principal claims office in Tampa; 2) the claims submitted by Defendant's healthcare providers were sent to the Tampa office; 3) the claims were processed/adjusted at the Tampa office; 4) the claims were paid from the Tampa office; and 5) Defendant sent correspondence to the Tampa office denying Plaintiff's entitlement to and refusing reimbursement of the benefits paid on her behalf.

Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Venue may be proper in more than one district.[5] *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). In

---

[4] Defendant's arguments appear to be based, at least in part, on a "minimum contacts" personal jurisdiction analysis. However, the Eleventh Circuit has expressly rejected the "minimum contacts" analysis when analyzing proper venue under § 1391. *Jenkins Brick Co.*, 321 F.3d at 1372.

[5] Sections 1391(a)(2) and (b)(2) were amended in 1990. *Jenkins Brick Co.*, 321 F.3d at 1371. The amended provisions contemplate that venue may be proper in two or more districts, thereby relieving courts of having to arbitrarily choose a venue. *Id.* The amendment did not "mean, however, that the amended statute no longer emphasizes the importance of the place where the wrong has been committed. Rather, the statute merely allows for additional play in the venue joints, reducing the degree of arbitrariness in close cases." *Id.*

considering whether venue is proper, "[o]nly the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a substantial part of the events are to be considered." *Id.* (*quotations omitted*). A plaintiff is not required to select the venue with "the *most* substantial nexus to the dispute," as long as it chooses a venue where a substantial part of the events giving rise to the claim occurred. *Morgan v. North Miss. Med. Ctr., Inc.*, 403 F. Supp. 2d 1115, 1122 (S.D. Ala. 2005) (*citations omitted*).

As this case is based on the recovery of Medicare benefits, the claims process played a substantial part in directly giving rise to Plaintiff's claim. That process, including the submission, processing, and payment of the claims, occurred in Tampa. Accordingly, venue is proper in the Middle District.

Recognizing that § 1391 requires courts to focus on the activities of defendants, this Court acknowledges that Defendant entered into the Medicare contract in Miami, the benefits were received in Miami, and the settlement that gave rise to the need for reimbursement occurred in Miami. *See Jenkins Brick Co.*, 321 F.3d at 1371-72 (recognizing that venue statute "protects defendants"). However, even assuming these events played a more substantial part in giving rise to Plaintiff's claim, venue is still proper in this Court.[6] The fact that venue may also be proper in the Southern District does not require transfer.

Pursuant to § 1391(b), venue may be proper in more than one district. *Jenkins Brick Co.*, 321 F.3d at 1371. Of the proper venues, Plaintiff is not required select a particular district or the district with "the *most* substantial nexus to the dispute." *Morgan*, 403 F. Supp. 2d at 1122. Because a

---

[6] Defendant suggests that this Court can only consider a defendant's activities in applying the "substantial part" test. However, this interpretation of § 1391(b)(2) is "too restrictive." *S.L. Sakansky & Assocs., Inc. v. Allied Am. Adjusting Co. of Fla., LLC*, No. 3:05-CV-708-J-32MMH, 2006 WL 948055, at *3 (M.D. Fla. Apr. 12, 2006) ("[T]he 'substantial part' analysis is driven by an overall look at whether 'material acts and omissions' that occurred in this district bear a 'close nexus' to the claims.").

4

substantial part of the events giving rise to Plaintiff's claim occurred in Tampa, venue properly lies in the Middle District. Defendant's Motion to Dismiss and/or Transfer is therefore denied pursuant to 28 U.S.C. § 1391(b)(2).

Accordingly, it is

**ORDERED AND ADJUDGED** that

1)   Defendant's Motion to Dismiss and/or Transfer for Improper Venue (Dkt. 9) is **DENIED**.

2)   Pursuant to Local Rule 3.05(a), based on review of the record, this case should be redesignated from a Track One case to a Track Two case in accordance with Local Rule 3.05(b). The Clerk is directed to enter an Amended Track Notice redesignating the case as a Track 2 case.

3)   The parties shall meet within thirty (30) days of the date of this Order for the purpose of preparing and filing a Case Management Report. The Case Management Report shall be filed on or before **Monday, July 3, 2006**.

**DONE AND ORDERED** in chambers this 18th day of May, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

5