UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAREPLUS HEALTH PLANS, INC.,

Plaintiff,

vs.                                                     Case No. 8:05-CV-2010-T-27MAP

FELICITA CRESPO,

Defendant.
_____/

## ORDER

**BEFORE THE COURT** is a Motion for Order Permitting Voluntary Dismissal with Prejudice (Dkt. 37) by Plaintiff Careplus Health Plans, Inc. ("Careplus"), to which Defendant Felicita Crespo has responded in opposition (Dkt. 40). Upon consideration, Plaintiff's motion is granted.

Careplus is a Florida HMO and Ms. Crespo's Medicare-substitute provider. (Dkt. 1, ¶¶ 3, 12). Careplus paid $19,911.12 for medical treatment rendered to Ms. Crespo after she slipped and fell in a Bank of America building in 2003. (Dkt. 1, ¶¶ 14-15). Ms. Crespo eventually entered into a settlement with Bank of America for $75,000. (Dkt. 1, ¶ 19). Careplus initiated the instant action for reimbursement of the $19,911.12 in medical expenses that it paid on behalf of Ms. Crespo.

On June 14, 2006, Ms. Crespo filed her answer to the Complaint (Dkt. 18), and on August 25, 2006, she moved to dismiss the case for lack of subject matter jurisdiction (Dkt. 26). The motion was referred to the Magistrate Judge for a Report and Recommendation (Dkt. 28), which was issued on October 31, 2006, recommending that the case be dismissed (Dkt. 33). On November 13, 2006, Careplus simultaneously filed the instant motion for voluntary dismissal as well as its objections to the Magistrate Judge's Report and Recommendation (Dkt. 36).

1

Ms. Crespo urges the Court to consider and adopt the Report and Recommendation. She argues that permitting Careplus to dismiss the action will allow it to avoid what Ms. Crespo assumes will be an adverse ruling on her motion to dismiss. In addition, Ms. Crespo alleges that a dismissal with prejudice will "arguably" affect her standing as the named class representative in a lawsuit against Careplus that she initiated on September 20, 2006 and which is now pending in the United States District Court for the Southern District of Florida.

After an answer has been filed, Rule 41(a)(2) of the Federal Rules of Civil Procedure permits a plaintiff to dismiss voluntarily an action only "upon order of the court and upon such terms and conditions as the court deems proper." The Court has broad discretion in determining whether to allow a voluntary dismissal pursuant to Rule 41(a)(2). *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice or lose a substantial right by the dismissal. *Id.*[1]

The Court perceives no clear legal prejudice to Ms. Crespo in allowing Careplus to dismiss the action with prejudice while a Report and Recommendation and the underlying motion to dismiss are pending. There is authority holding that a dismissal *without* prejudice should not be used to avoid an adverse ruling following the issuance of a Report and Recommendation. *See e.g., Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991); *cf. Pontenberg*, 252 F.3d at 1258 (noting that a "mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice"). However, Ms. Crespo has not shown that she will suffer clear legal prejudice by the dismissal of this

---

[1] Absent unusual circumstances, a ruling on a motion for voluntary dismissal "normally may precede any analysis of subject matter jurisdiction because it is self-executing and moots all pending motions, obviating the need for the district court to exercise its jurisdiction." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (finding that the serious questions of state law necessary to resolve the motion for voluntary dismissal required court to first consider its subject matter jurisdiction.)

action *with* prejudice. Both a dismissal for lack of subject matter jurisdiction and a voluntary dismissal with prejudice will extinguish Careplus's federal claim against Ms. Crespo.

Ms. Crespo has cited no authority for the proposition that the Court should consider the possible effect of a voluntary dismissal on an unrelated action. Indeed, the Court is not equipped to speculate as to what effect a dismissal will have on Plaintiff's standing in another action. By contrast, the Court is able to competently assess the equities in this case, including consideration of the effort and expense undertaken by Ms. Crespo in defending the case, evidence of excessive delay or lack of diligence of the part of Careplus, and the sufficiency of the explanation of the need for a dismissal. *Pezold Air Charters v. Phoenix Corp.*, 192 F.R.D. 721, 728 (M.D.Fla. 2000); *Pontenberg*, 252 F.3d at 1258-59 (noting that the Eleventh Circuit has not specifically adopted these factors). Because this case is at an early stage in litigation, Ms. Crespo cannot convincingly argue that she has expended significant resources, or that Careplus has unduly delayed in seeking to voluntarily dismiss the action. To the extent Careplus now wishes to dismiss its action, with prejudice, the Court finds that Ms. Crespo will suffer no "clear legal prejudice." Accordingly, it is

**ORDERED** and **ADJUDGED** that

1) Plaintiff's Motion for Order Permitting Voluntary Dismissal with Prejudice (Dkt. 37) is **GRANTED**;

2) All pending motions are **DENIED** as moot;

3) The Clerk is directed to close the case.

**DONE AND ORDERED** in chambers this 29th day of November, 2006.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record